JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-08705 RGK (KS) | Date | May 9, 2016 |
|---|---|---|---|
| Title | *Juan Barbosa v. Transport Drivers, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 15); Defendant's Motion to Strike Class Allegations (DE 14)

## I. FACTUAL BACKGROUND

On September 4, 2015, Juan Barbosa ("Plaintiff"), a former hourly-paid, non-exempt employee of Transport Drivers, Inc. d/b/a TDI Nationwide ("Defendant"), filed a Complaint in Los Angeles Superior Court bringing a putative class action on behalf of all of Defendant's current and former hourly-paid or non-exempt employees. Plaintiff alleges eight causes of action against Defendant for various violations of the California Labor Code.[1]

On November 6, 2015, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). On April 4, Defendant filed the current Motion to Strike Class Allegations. On April 11, 2016, Plaintiff filed the current Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES as moot** Defendant's Motion to Strike.

## II. JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("If a case

---

[1] These causes of action include claims for unpaid minimum wages, unpaid overtime wages, unpaid meal period premiums, unpaid rest period premiums, unauthorized deductions from wages, non-compliant wage statements, final wages not timely paid, and violation of California Business & Professions Code §§ 17200, *et seq.*

is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case.").

A defendant seeking to remove a case must file in the district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In a CAFA case, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . . [and] need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014). However, if a plaintiff contests the allegations set forth in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 553. "[T]he proper burden of proof imposed upon a [removing] defendant to establish the amount in controversy is the preponderance of the evidence standard." *Rodriguez v. AT & T Mobility Servs., LLC.,* 728 F.3d 975, 977 (9th Cir. 2013).

### III.    DISCUSSION

CAFA grants federal courts original jurisdiction over class action cases that meet the following requirements: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). Plaintiff contends that the Court does not has subject matter jurisdiction over this case because the amount in controversy does not exceed $5,000,000. The Court agrees.

In a CAFA case where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000. *Rodriguez,* 728 F.3d at 977. If a defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554 (citing 28 U.S.C. § 1446(c)(2)(B)). To satisfy the burden to demonstrate the amount in controversy, defendants may rely upon facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Nevertheless, a court "cannot base [a finding of] jurisdiction on [a] [d]efendant's speculation and conjecture." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d. 994, 1002 (9th Cir. 2007).

The Court finds that Defendant failed to meet its burden of proving that the amount in controversy exceeds $5,000,000, as Defendant makes assumptions that are unsupported by the allegations in the Complaint or by the evidence. As an initial matter, Defendant calculates overtime wages at an hourly rate of $33.33 per hour. However, this number does not reflect the overtime claim asserted in the Complaint, which alleges employees were not paid at *premium* overtime rates, not that they were not paid for these hours at all. (Pl.'s Compl. ¶ 7, ECF No. 1.) Thus, Defendant should have based its calculation on the additional $11.11 per hour employees were entitled to receive for overtime work, not the full $33.33. *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1119 (C.D. Cal. 2010) (finding the unpaid overtime claim should have been based only on the additional wages received for overtime).

Additionally, Defendant's calculations comprising the majority of its damages assume five hours of overtime each week, five missed meal periods per week, and five missed rest breaks per week for each putative class member. In determining these numbers, Defendant relies solely on the wording of

the Complaint that employees were "regularly" and "consistently" deprived correct wages and breaks. (Def.'s Opp'n to Mot. to Remand 7-8, ECF No. 19.) However, Defendant fails to prove by a preponderance of the evidence why "regular" or "consistent" violations would result in these numbers. For example, based off the Complaint, it is equally as plausible that employees "regularly" missed meal periods once a week. Moreover, Defendant assumes that all members of the putative class suffered every violation, at all times without providing evidence to substantiate its theory. Other courts have similarly rejected these kinds of assumptions. *See Martinez v. Morgan Stanley & Co., Inc.*, No. 09-CV-2937-L, 2010 WL 3123175, at *6 (S.D. Cal. Aug. 9, 2010) (rejecting defendant's calculation of overtime hours, meal and rest period violations, waiting time penalties, and wage statement penalties because the variables were not clearly suggested by the complaint or supported by evidence); *Roth*, 799 F. Supp. 2d at 1118-1126 (finding that defendants' calculations improperly presumed that there were a particular amount of violations as to each class member even though the complaint contained "[s]tatements suggesting that overtime violations, missed meal periods, untimely payment of wages, and/or provision of inaccurate wage statements occurred regularly and/or consistently or even often").

As Defendant has not supported the variables used in its amount in controversy calculation with evidence, the Court finds its valuation is too speculative. *See Ibarra*, 775 F.3d at 1199 ("[A] damages assessment may require a chain of reasoning that includes assumptions . . . [but] those assumptions cannot be pulled from thin air [and] need some reasonable ground underlying them."). Defendant's improper speculations pervade all eight claims. Consequently, the Court has no adequate basis to determine that the amount in controversy exceeds $5,000,000. Thus, Defendant has failed to satisfy its burden of proving that the amount in controversy requirement is satisfied and, as a result, has failed to establish that the Court has subject matter jurisdiction.

### IV.     CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. Based on this ruling, the Court **DENIES as moot** Plaintiff's Motion to Strike.

**IT IS SO ORDERED.**

:

Initials of Preparer